IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01628-GPG-KAS

RODNEY DOUGLAS EAVES,

     Plaintiff,

v.

KEN PAXTON,
CELENA CONTRERAS,
RICARDO GARCIA,
CYNTHIA ROSA,[1] and
VIRGINIA FREED,

     Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the **OAG Defendants'[2] Motion to Dismiss** [#21] (the "OAG Motion") and **Defendant Virginia Freed's Motion to Dismiss** [#23] (the "Freed Motion") (collectively, the "Motions"). Plaintiff, who proceeds as a pro se litigant,[3] filed Responses [#28, #36] in opposition to the Motions [#21, #23], and the OAG Defendants and Defendant Freed filed Replies [#33, #40].

---

[1] This Defendant's name appears to be incorrect on the case caption. Both her counsel and Plaintiff (in some places) refer to her as "Cynthia Rose." *See Notice of Appearance* [#20] at 1; *OAG Motion* [#21] at 1; *Am. Compl.* [#10] at 5 (identifying Defendant #4 as "Cynthia Rose"). Throughout this Recommendation, the Court refers to her as Defendant Rose.

[2] The OAG Defendants are Defendants Ken Paxton, Celena Contreras, and Cynthia Rose. *See OAG Motion* [#21] at 1.

[3] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Separately, Plaintiff filed a **Motion for Temporary Mandatory Injunction** [#29] (the "Motion for Injunction") asking the Court to order the CDOC's law library to make copies of exhibits for his Response [#28] to the OAG Motion [#21]. No responses or replies were filed.

The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Motions [#21, #23] be **GRANTED**, and further **DENIES AS MOOT** the Motion for Injunction [#29].

## I. Background[4]

Plaintiff is a convicted and sentenced state prisoner in the custody of the Colorado Department of Corrections ("CDOC"). *Am. Compl.* [#10] at 2.[5] At all relevant times, Defendant Paxton was the Attorney General of Texas, and Defendants Contreras, Ricardo Garcia, and Rosa were child support case managers "under the supervision of [Defendant] Paxton[.]" *Id.* at 2-4.[6] Defendant Freed was a child support case manager with the Bent County Social Services Department. *Id.* at 4.

Plaintiff's claim arises from a Texas child support order (the "Texas Order") to which Plaintiff is an obligor. *Id.* at 5. Plaintiff states that, after he "became incarcerated" on March 13, 2015, his "financial situation "changed substancially [sic]." *Id.*, ¶ 2. Plaintiff

---

[4] For the purpose of resolving the Motions [#21, #23], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Amended Complaint [#10]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] Page numbering refers to the numbering used by the Court's CM-ECF docketing system, not the document's original numbering.

[6] Defendant Garcia has not appeared in this case, and the U.S. Marshal's attempt to serve him at Plaintiff's provided address was unsuccessful because "[p]er administrative staff at the child support division, they have no record of Ricardo Garcia." *Unexecuted Summons* [#19].

alleges that, in May 2015, he "contacted [Defendant] Paxton to notify him [that] [his] financial situation had changed and [he] would not be able to pay the excessive interest owed in debt to the State of Texas." *Id.*, ¶ 3. Plaintiff further alleges that, "[b]etween 2018 and 2022," he "reached out to [Defendant] Paxton and his case managers [Defendant] Contreras . . . and [Defendant] Rosa [sic] by filling out" various forms and providing "multiply [sic] affidavits of [his] financials." *Id.*, ¶ 4. In response to Plaintiff's efforts to obtain review, Plaintiff alleges that Defendant "Paxton instructed his case managers," Defendants Contreras and Rose, "to ignore [his] requests for due process." *Id.*, ¶ 6. Plaintiff alleges that Defendants "t[ook] money from [him] without giving [him] any post deprivation hearing and placed liens on [his] Colorado bank accounts with no way to appeal[.]" *Id.*, ¶ 16.

Plaintiff seeks money damages and an order "[d]eclar[ing] [Plaintiff] has an Eighth Amendment right not to pay excessive fees" and "[i]nstruct[ing] Bent County Social Services to halt their enforcement [of the Texas Order] until [Plaintiff] receives his due process." *Am. Compl.* [#10] at 10. He also asserts that Defendants have violated his Fourteenth Amendment due process rights by failing to provide him with a hearing to modify the Texas Order and asks the Court to "[d]eclare [Plaintiff] has a Fourteenth Amendment right to receive a hearing to determine if he is eligible to receive reduced payments for the debt owed to Texas," and "[c]ommand" that Defendants "[g]ive [Plaintiff] a hearing." *Id.* at 10. Plaintiff brings a single claim against all Defendants, alleging two constitutional violations: (1) failing to provide Plaintiff with a hearing to modify the Texas Order, in violation of his Fourteenth Amendment due process rights; and (2) imposing

"excessive interest" on overdue child support payments, in violation of his Eighth Amendment right to be free from excessive fines. *Id*.

Defendants argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the federal court is barred from exercising jurisdiction under the domestic relations exception, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. *OAG Motion* [#21] at 2; *Freed Motion* [#23] at 3. Alternatively, Defendants argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, and that, therefore, Defendants are entitled to qualified immunity. *OAG Motion* [#21] at 2; *Freed Motion* [#23] at 3, 5.

## II. Legal Standards

### A.    Rule 12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

 "Rule 12(b)(1) challenges may take two different forms." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). "'The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the

factual basis upon which subject matter jurisdiction rests.'" *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2013)). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff*, 65 F.4th at 507 (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)).

**B.    The *Rooker-Feldman* Doctrine**

"[F]ederal review of state court judgments can be obtained only in the United States Supreme Court.'" *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)); *see also* 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court[.]"). The *Rooker-Feldman* doctrine bars federal courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, federal district courts "do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional.'" *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *Feldman*, 460 U.S. at 486).

The *Rooker-Feldman* doctrine "also bars any 'action in federal court that alleges an injury "inextricably intertwined" with a state court decision, such that success in the federal court would require overturning the state decision[.]'" *Wideman v. Colorado*, 242 F. App'x 611, 613-14 (10th Cir. 2007) (quoting *Epps v. Creditnet, Inc.*, 320 F.3d 756, 758-59 (7th Cir. 2003)). "Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1148 (10th Cir. 2004) (citation omitted), *overruled in part on other grounds as recognized in Jensen v. Utah Ct. of Appeals*, 525 F. App'x 678, 680 (10th Cir. 2013). Such a claim is "subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine." *Wideman*, 242 F. App'x at 614.

### III. Analysis

#### A.    Subject Matter Jurisdiction

The Tenth Circuit has routinely applied the *Rooker-Feldman* doctrine to bar suits challenging state court child support obligations or state court procedures. *See, e.g.*, *Tso v. Murray*, 760 F. App'x 564, 566-67 (10th Cir. 2019) (affirming dismissal of plaintiff's constitutional claims under *Rooker-Feldman* doctrine because "the harms for which he s[ought] relief . . . all result[ed] from state-court judgments" on a child support order); *Hawks v. Abbott*, 365 F. App'x 124, 126 (10th Cir. 2010) (affirming Rule 12(b)(1) dismissal under *Rooker-Feldman* doctrine because the Texas Attorney General's "alleged miscalculation of [the plaintiff's] child support obligations were inextricably linked to a

modified child support order entered by a Texas state court"); *Jackson v. Peters*, 81 F. App'x 282, 286 (10th Cir. 2003) (affirming dismissal under *Rooker-Feldman* doctrine of "claims regarding defective and unconstitutional procedures in the Colorado state court proceedings [that] [were] inextricably intertwined with the state courts' judgments regarding [the plaintiff's] divorce and child support obligations").[7]

Plaintiff claims that the Defendants violated his Fourteenth Amendment due process rights by failing to provide him with "a hearing to determine if he is eligible to receive reduced payments for the debt owed" under the Texas order. *Am. Compl.* [#10] at 10. Plaintiff further argues that "[t]he due process violations lead [sic] to the Eighth Amendment violation of [Plaintiff] paying 'excessive fees' to the State of Texas in the form of interest owed" on overdue child support payments. *Id.* at 6. No matter how Plaintiff tries to frame his claims, his alleged constitutional violations directly result from the Texas Order, which imposed an additional interest rate on Plaintiff's overdue child support payments. *Am. Compl.* [#10] at 4. The relief sought by Plaintiff—i.e., that the Court (1) "[d]eclare [Plaintiff] has an Eighth Amendment right not to pay. . . [the] interest payments," (2) "[d]eclare [Plaintiff] has a Fourteenth Amendment right to receive a hearing" to modify the Texas Order, and (3) "halt the[ ] enforcement" of the Texas order "until [Plaintiff] receives [a hearing]"—would certainly disrupt the state court judgment. *Am. Compl.* [#10] at 6; *see also Jackson v. Davidson*, 272 F. App'x 722, 723-24 (10th Cir. 2008) (concluding that the *Rooker-Feldman* doctrine barred the plaintiff's claim which "sought a declaratory

---

[7] The Court had previously warned Plaintiff that the *Rooker-Feldman* doctrine appeared to bar his claim. *See Order* [#3] at 5-6 ("Consideration of [Plaintiff's] claims would require the Court to review the child support order, which is not permitted" under the *Rooker-Feldman* doctrine) (citations omitted). Nothing in Plaintiff's Amended Complaint [#10] addresses this concern.

judgment on the constitutionality of the state-court divorce decree" and an injunction of the state-court decree's enforcement).[8] Here, "[Plaintiff's] claims are little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him by the [Texas] state courts." *Wideman*, 242 F. App'x at 614.

The Court finds that Plaintiff's entire claim, whether brought under the Eighth Amendment or the Fourteenth Amendment, is barred by the *Rooker-Feldman* doctrine.[9] Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim.

Accordingly, the Court **recommends** that Plaintiff's claim be **dismissed without prejudice**. *See Wideman*, 242 F. App'x at 615 (stating that "[b]ecause dismissals based upon the *Rooker-Feldman* . . . doctrine[ ] are jurisdictional, they should be entered without prejudice") (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1214 (10th Cir. 2006)).

## B.    Plaintiff's Motion for Temporary Mandatory Injunction [#29]

Separately, Plaintiff asks the Court to "issue a one time [sic] temporary injunction instructing CDOC's law library to make copies of the exhibits for [his] response to the OAG Defendants." *Motion for Injunction* [#29] at 2. He states that he is "making a pleading

---

[8] The plaintiff in *Jackson*, as here, "denie[d] that he [was] seeking to modify any state-court judgment or order" and "assert[ed] instead that his complaints sought a declaratory judgment on the constitutionality of the state-court . . . decree." *Jackson*, 272 F. App'x at 723; *cf. Response* [#28] at 2 (arguing that Plaintiff "is not attacking the child support order itself . . . he requests the court to declare that he 'has a Fourteenth Amendment right to receive a hearing to determine if he is eligible to receive reduced payments for the debt owed to Texas'"). The Court is unpersuaded. Simply put, Plaintiff seeks a "child support order hearing that would either reverse or set aside the . . . [Texas] child support orders or be inextricably intertwined with those state court orders." *Sorak v. Cisneros*, No. 23-cv-02391-CNS-NRN, 2024 WL 1445742, at *4 (D. Colo. Jan. 23, 2024).

[9] The Court also lacks subject matter jurisdiction over Plaintiff's claims for monetary relief under the *Rooker-Feldman* doctrine: "[T]hose claims for relief are inextricably intertwined with the state [child support] proceedings because, for [Plaintiff] to prevail on those claims, the district court in this case would have to review, and ultimately reject, the orders issued . . . in the state divorce proceedings." *Pandey v. Russell*, 445 F. App'x 56, 59 (10th Cir. 2011) (citing *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007)).

that will provide evidence that this Court has jurisdiction over the Texas Defendants, at page 3, footnote #1." *Id.* at 1. However, he does not identify or describe the exhibits he would like to print. *See generally Motion for Injunction* [#29]. The Court construes the Motion for Injunction [#29] as a Motion for Order directing CDOC to print documents, rather than a true preliminary injunction motion, because it is not directed at a party to this case and is not aimed at maintaining the status quo. *Cf. Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005) (stating that "the limited purpose of a preliminary injunction 'is merely to preserve the relative positions *of the parties* until a trial on the merits can be held.'") (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)) (emphasis added).

On the same day he filed the Motion for Injunction [#29], Plaintiff filed his Response [#28] to the OAG Motion to Dismiss [#21]. In the relevant footnote, Plaintiff states that the court should review documentary evidence to determine jurisdiction, but he acknowledges that the Court must consider the complaint and documents incorporated by reference. *See Response* [#28] at 3 n.1. Moreover, he acknowledges that he "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof." *Id.* (citation omitted).

By Plaintiff's own admission, then, any evidence that this Court has jurisdiction over the Texas Defendants was required to be provided along with his pleading—not attached to a response to a motion to dismiss. *See, e.g., Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206-07 (D. Colo. 2015) (noting that a plaintiff "cannot amend [his] complaint by adding factual allegations in response to [a] motion to dismiss.") (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)). Therefore, any extra exhibits would

be immaterial to the Court's analysis of the pending Motions [#21, 23]. These additional exhibits are not and could not be relevant to the Court's *Rooker-Feldman* analysis because that analysis hinges upon the nature of Plaintiff's requested relief, which is clear from the face of his Amended Complaint [#10]. Moreover, Plaintiff's filing of his Response [#28] the same day as the Motion for Injunction [#29], as well as another Response [#36] months later, without describing or identifying the desired exhibits belies Plaintiff's asserted need. Accordingly, the Motion for Injunction [#29] is **denied as moot**.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions [#21, #23] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction.[10]

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Injunction [#29] is **DENIED AS MOOT**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review

---

[10] The Court's lack of subject matter jurisdiction under *Rooker-Feldman* extends to Plaintiff's claim against Defendant Garcia, who has not been served or appeared in this action.

by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 5, 2024                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge